IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ODESSA BROWN II,

    Plaintiff,                           No. CIV S-05-1269 GEB KJM P

  vs.

M. BOOTH, et al.,                           <u>ORDER AND</u>

    Defendants.                         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1

1  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2        The court is required to screen complaints brought by prisoners seeking relief
3  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
4  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
5  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
6  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
7  U.S.C. § 1915A(b)(1),(2).

8        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
10 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989); Franklin, 745 F.2d at 1227.

15       A complaint, or portion thereof, should only be dismissed for failure to state a
16 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
17 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
18 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
19 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
20 complaint under this standard, the court must accept as true the allegations of the complaint in
21 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
22 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
23 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

24 /////
25 /////
26 /////

1  In his complaint, plaintiff alleges that some of his personal property, including
2  some of his legal material, was destroyed by defendants.  Plaintiff claims defendants did this in
3  violation of California laws concerning the handling of inmate property.[1]

4  The United States Supreme Court has held that "an unauthorized intentional
5  deprivation of property by a state employee does not constitute a violation of the procedural
6  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
7  postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).
8  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
9  deprivations constitute actionable violations of the Due Process Clause.  An authorized
10  deprivation is one carried out under established state procedures, regulations, or statutes.  Piatt v.
11  McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832
12  F.2d 1142, 1149 (9th Cir. 1987).

13  In the instant case, plaintiff has not alleged any facts to suggest that the
14  deprivation of his property was authorized.  Also, the California Legislature has provided a
15  remedy for tort claims against public officials in the California Government Code, § 900 et seq.
16  Accordingly, plaintiff's complaint must be dismissed for failure to state a claim upon which
17  relief can be granted.

18  The court notes that on March 10, 2006, plaintiff filed a letter in which plaintiff
19  asks that the Clerk of the Court mail plaintiff a subpoena.  In light of the foregoing, plaintiff's
20  request will be denied.

---

[1] Plaintiff includes a passing assertion that destruction of his legal property denied him meaningful access to courts with respect to challenging to his criminal conviction.  Compl. at 9:6-8.  However, plaintiff fails to provide any details to indicate he has actually been denied access, meaningful or otherwise, to any court.  Also, under Lewis v. Casey, 518 U.S. 343, 351 (1996), to assert a cognizable claim for denial of access to courts under the First Amendment, a plaintiff must allege that the actions of defendants resulted in some "actual injury," such as dismissal of an action, or resulted in plaintiff being unable to file an action that was at least arguably meritorious.  Plaintiff does not allege he suffered "actual injury" as that term is defined in Lewis.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's March 10, 2006 request that the court send him a subpoena is denied.

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

1 brow1269.frs(7.11.05)